FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 20 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X

JOHNNY GUEITS,

                           Petitioner,

- against -

ROBERT KIRKPATRICK, Superintendant,

                           Respondent.

----------------------------------------------------------- X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

06-CV-0849 (BMC) (JO)

**COGAN, District Judge.**

This case is before the Court on respondent's timely filed objections to the Report and Recommendation ("R&R") of the Hon. James Orenstein, which recommended granting the pending petition for a writ of habeas corpus and ordering the State of New York either to retry petitioner within 45 days or to release him. For the reasons set forth below, the R&R is adopted and the petition is granted.

The facts of this matter are enumerated in Judge Orenstein's detailed R&R, which is attached and incorporated hereto. "If an objection is timely filed, as is the case here, the Court is bound to make a '*de novo* determination of those portions of the report . . . or recommendations to which objection is made.'" Bohan v. Kuhlmann, 234 F. Supp. 2d 231, 242 (S.D.N.Y. 2002) (quoting 28 U.S.C. § 636(b)(1); citing United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997)); see Fed. R. Civ. P. 72(b).

Here, respondent primarily argues that Judge Orenstein failed to accord proper deference to the decisions of the New York courts in this matter.[1] Additionally, respondent objects to each

---

[1] The Court acknowledges respondent's argument that Judge Orenstein devoted a portion of the R&R "to a critique of the case presented by state prosecutors;" however, Judge Orenstein's detailed history merely serves as background and has no impact on the Court's holding that petitioner's trial counsel was constitutionally ineffective.

portion of the R&R that found petitioner's trial counsel to be constitutionally ineffective. This Court has conducted a *de novo* review of the record in its entirety and adopts the R&R's findings and conclusions.

The vast majority of respondent's objections to the R&R focus on Judge Orenstein's alleged failure to defer to the prior decisions of New York courts in this matter. However, "when a state court fails to articulate the rationale underlying its rejection of a petitioner's claim, and when that rejection is on the merits, the federal court will focus its review on whether the state court's ultimate decision was an 'unreasonable application' of clearly established Supreme Court precedent." Eze v. Senkowski, 321 F.3d 110, 125 (2d Cir. 2003) (internal citations and quotation marks omitted). As correctly concluded by the R&R, the Appellate Division's conclusory finding that petitioner received "meaningful representation" and rejection of petitioner's Sixth Amendment claim, see People v. Gueits, 10 A.D.3d 732, 732, 781 N.Y.S.2d 916 (2d Dep't), leave to appeal denied, 4 N.Y.3d 744, 790 N.Y.S.2d 657 (2004), on the record that petitioner presented, was an unreasonable application of Strickland. See, e.g., Henry v. Poole, 409 F.3d 48, 71 (2d Cir. 2005).

It is therefore ORDERED that the petition for a writ of habeas corpus is granted, and it is further ORDERED that the State of New York shall either retry petitioner within 45 days or release him from custody.

**SO ORDERED.**

/s/(BMC)
_____
U.S.D.J.

Dated: Brooklyn, New York
       May 26, 2009